UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:15-cv-61155-KMM

DAVID SMITH,

    Plaintiff,

v.

ATLANTIC SPRINGS CONDOMINIUM
ASSOCIATION, INC.; RITTER ZARETSKY,
LIEBER & JAIME, LLP; CONDOLECT, LLC.,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE came before the Court upon Defendants, Ritter Zaretsky, Lieber & Jaime, LLP ("RZLJ") and Condolect, LLC's ("Condolect") Motion for Judgment on the Pleadings (ECF No. 46). Plaintiff filed a Response (ECF No. 55) and Defendants replied (ECF No. 59). Therefore, the Motion is ripe for review. Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court denies Defendants' Motion.

**I.    BACKGROUND**

On June 1, 2015, Plaintiff David Smith filed an eight-count Complaint against Defendants alleging violations of the Florida Consumer Collection Practices Act ("FCCPA")[1]

---

[1] The FCCPA is the "Florida state analogue to the federal FDCPA," *Oppenheim*, 627 F.3d at 836, and "was enacted as a means of regulating the activities of consumer collection agencies within the state," *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). Given the statutes' parallel considerations, most courts analyze the FDPCA and FCCPA together. *Rodriguez v. Seterus, Inc.*, No. 15-61253-CIV, 2015 WL 5677182, at *4 (S.D. Fla. Sept. 28, 2015).

and the Fair Debt Collection Practices Act ("FDCPA"). Compl. (ECF No. 1). According to the Complaint, Defendants sought to collect from Plaintiff an alleged debt, specifically past due condominium association fees. *Id.* ¶ 11. On November 25, 2014, Plaintiff received an email from Condolect with an attached ledger showing an outstanding balance owed to the Atlantic Springs Condominium Association (the "Association"). *Id.* ¶ 17. Subsequently, Plaintiff sent a debt validation letter to the Association, which included a request that all collection activities cease until the debt was validated. *Id.* ¶ 18.

On January 15, 2015, Plaintiff received a letter from RZLJ, on behalf of the Association, stating that "[t]he monthly maintenance that you have failed to pay is for the management and operation of the condominium property." *Id.* ¶ 19. Plaintiff sent another letter to Condolect requesting validation of the debt in accordance with applicable state and federal law. *Id.* ¶ 21. A similar letter was sent to RZLJ on or about March 4, 2015. *Id.* ¶ 22. Plaintiff then received a copy of a letter from RZLJ addressed to "the tenant" demanding payment of all future rents directly to the Association until the outstanding condominium association fees were up to date. *Id.* ¶ 23. On March 9, 2015 Plaintiff's tenant, Jonathan Padilla, received the same letter from RZLJ. *Id.* ¶ 24. Padilla then reached out to the Association's property manager to clarify the letter's instructions regarding rental payment. *Id.* ¶ 25.

Plaintiff's FDCPA and FCCPA claims are based on these communications and Defendants' efforts to collect a "consumer debt" that Plaintiff alleges was "incurred primarily for personal, household or family use." *Id.* ¶ 12. Defendants previously moved to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted, which this Court denied.[2]

---

[2] However, the Court dismissed all claims against former defendant Atlantic Springs Condominium Association on the grounds that the Association did not meet the statutory definition of a "debt collector." (ECF No. 20).

(ECF No. 20). Defendants then moved for judgment on the pleadings asserting that additional evidence in the pleadings contradicts Plaintiff's argument that the debt in question falls under the FDCPA. The Court now turns to the instant motion.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). When the defendant is the movant, "[a] motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted." *Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1347, 1349 (S.D. Fla. 2013).

As a result, all material facts alleged in the non-moving party's pleading are accepted as true and must be viewed in the light most favorable to the non-moving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id*. A court may consider documents attached to a motion for judgment on the pleadings without converting it into one for summary judgment so long as "the documents are (1) central to the plaintiffs claim and (2) their authenticity is not challenged." *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Notably, when considering the entire pleadings, a court "may take judicial notice of and consider documents which are public records." *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citation omitted).

3

### III. DISCUSSION

Defendants now move for judgement on the pleadings, arguing that Plaintiff has not sufficiently pleaded that the debt at issue is a consumer debt. Plaintiff responds by offering three grounds for denial of the instant motion: (1) Defendants' argument that the debt at issue does not qualify as a consumer debt is merely a motion for reconsideration; (2) Defendants' contentions are more appropriately resolved by summary judgment; and (3) Defendants fail to meet the "fairly restrictive standard" that courts apply when resolving motions under Rule 12(c).

#### A. Legal Framework: FDCPA and FCCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010); *see also* 15 U.S.C. § 1692(e). In order to recover under the FDCPA and the FCCPA, a plaintiff must make threshold allegations that the money being collected qualifies as a "debt." *Oppenheim v. I.C. Sys., Inc.*, 627 F.3d 833, 836-37 (11th Cir. 2010). Therefore, both statutes "apply only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes*." *Id.* at 837. Accordingly, "the mere obligation to pay does not constitute a 'debt' under the FDCPA." *Id.*

In determining whether an obligation is a "debt" under the FDCPA, a court's initial focus is upon the nature of the transaction from which the debt arose. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013); *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000). Analyzing whether a debt was incurred "primarily for personal, family, or household purposes" requires courts to look to both the primary transaction

and any derivative obligations, like condominium association and homeowner's fees. *Ladick v. Van Gemert*, 146 F.3d 1205, 1206 (10th Cir. 1998); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481 (7th Cir. 1997) (finding that "assessments used to improve or maintain commonly-owned areas" meet the FDCPA's requirements); *see also Rivernider v. Brough*, No. 12-80693-CIV, 2013 WL 5353748, at *4 (S.D. Fla. Sept. 24, 2013) ("The collection of homeowner's assessment fees may properly be considered a debt" under the FDCPA). The relevant timeframe for this determination is when the obligation was undertaken and not when a debt collector initiates collection procedures. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 293 (6th Cir. 2012).

### B.     Plaintiff's Debt is Covered by the FDCPA

Defendants' argument that Plaintiff's debt relates to an investment property[3] and therefore does not qualify as "debt" under the FDCPA is bereft of merit. Defendants' intense focus on Plaintiff's declarations that the condominium in question is an investment property only seizes upon one aspect of the relevant inquiry. Equally important, however, is the fact that Plaintiff's debt obligation, the overdue condominium association fees, fits clearly within FDCPA's parameters that the obligation be "for personal, family, or household purposes." On this point, the Court finds persuasive the Seventh Circuit's reasoning in *Newman* as follows:

> To the extent that the assessments were to be used to improve or maintain commonly-owned areas, that purpose, too, qualifies as "personal, family, or household." In our view, when a special assessment is used to repair a common roof, or a monthly assessment is used to pay for services like snow removal from a common walkway or landscaping of a common yard, the assessments are for a household purpose even if more than a single household benefits. We thus are unable to agree with defendants' suggestion that because all unit owners benefit, assessments like these can be likened to past-due tax obligations, which are not

---

[3] The Court takes judicial notice of the fact that Plaintiff claims the property at issue as an investment property in multiple filings before the bankruptcy court. *See* Fed. R. Evid. 201.

> considered "debts" under the Act because they generally are used for communal rather than personal, family, or household purposes.

119 F.3d at 481. Although the Eleventh Circuit has yet to rule on whether homeowners or condominium association assessments are a "debt" under the FDCPA, a growing majority of district courts within this Circuit recognize that association assessments and analogous fees constitute a "debt" within the meaning of the FDCPA. *See e.g.*, *Rivernider*, 2013 WL 5353748, at *4; *Koch v. Atkinson, Diner, Stone, Mankuta, & Ploucha, P.A.*, No. 11-80894-CIV, 2011 WL 4499100, at *3 (S.D. Fla. Sept. 27, 2011); *Abby v. Paige*, No. 10-23589-CIV, 2011 WL 1256614, at *1 (S.D. Fla. Apr. 1, 2011); *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1267-68 (S.D. Fla. 2005); *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).

Like the other courts that have followed the reasoning set forth by the Seventh Circuit in *Newman*, this Court is convinced that past due condominium association fees qualify as a "debt" under the FDCPA. Not only is this reasoning sound, but it is also wholly consistent with the liberal intent of the statute to protect the public from overzealous debt collectors. Plaintiff's obligation to pay condominium association fees arose from his initial purchase of the condominium unit. While the condominium in question is identified as an investment property, there is no dispute that the related association fees are used to maintain or improve the common areas of the development. As a result, the debt Plaintiff incurred stems from an obligation that is "primarily for personal, family, or household purposes" and falls under the FDCPA.

Accordingly, after viewing the facts alleged in the complaint in a light most favorable to the non-moving party, the Court finds that Plaintiff's FDCPA claim is properly pled.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Defendants' Motion for Judgment on the Pleadings (ECF No. 46) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this `23rd` day of November, 2015.

                                                                                       _____
                                                                                       K. MICHAEL MOORE
                                                                                       CHIEF UNITED STATES DISTRICT JUDGE

cc:     All counsel of record